## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1.   **JAMES A. LESTER,** | ) | |
| | ) | |
|         **Plaintiff,** | ) | |
| **v.** | ) | **CIV-16-**1402-M |
| | ) | |
| 1.   **UNITED STATES BEEF** | ) | |
| **CORPORATION,** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
|         **Defendant.** | ) | **ATTORNEY LIEN CLAIMED** |

## COMPLAINT

**COMES NOW** the Plaintiff, James A. Lester, and for his Complaint against the Defendant alleges and states as follows:

## PARTIES

1.     Plaintiff, James A. Lester, is an adult male resident of Cleveland County, Oklahoma.

2.     Defendant United States Beef Corporation is a corporation doing business in and around Cleveland County, Oklahoma.

## JURISDICTION AND VENUE

3.     This is a cause of action arising out of Plaintiff's former employment with Defendant and is based on the following claims: (1) age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"); (2) disability discrimination in violation of the Americans with Disabilities Act ("ADA") and ADA Amendments Act ("ADAAA"); (3) interference with and retaliation for use of medical leave under the Family Medical Leave Act ("FMLA"); and (4) gender discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII").

4.     Jurisdiction over Plaintiff's federal causes of action is vested in this Court under 28 U.S.C. § 1331.

1

5.     Plaintiff has exhausted his administrative remedies as to the above-listed claims by timely filing an initial Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about June 15, 2016.  Plaintiff received his Dismissal and Notice of Rights letter from the EEOC dated on or about September 27, 2016, which Plaintiff received by mail thereafter, and has timely filed this action within ninety (90) days of receipt of his notice of right to sue.

6.     Defendant is located in Cleveland County and all acts complained of occurred in or around Cleveland County.  Cleveland County is located within the Western District of the United States District Court of Oklahoma.  Thus, venue is proper in this Court under 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

7.     Defendant United States Beef Corp. operates Arby's Restaurant franchises throughout several states, including Oklahoma.

8.     Plaintiff James A. Lester (DOB 12/1953) began his most recent period of employment with Defendant in or around March 2010 as an Assistant Manager at a Norman, Oklahoma location.  Plaintiff was previously employed with Defendant from in or around 2001 until 2004.

9.     Plaintiff worked as an Assistant Manager until in or around June 2014 when he was promoted to the position of Store Manager by Regional Manager Izorah (last name unknown).

10.     From in or around June 2014 until December 2014, Plaintiff worked as the Store Manager at Defendant's location on Lindsey St. in Norman, Oklahoma.  Due to this location closing in or around December 2014 and Defendant having no other Store Manager position available within a reasonable driving distance, Plaintiff accepted an Assistant Store

Manager position at Defendant's location on Robinson St. in Norman, Oklahoma.

11.     Throughout his employment, Plaintiff's job performance was at least satisfactory, if not excellent.  In fact, Plaintiff was identified as a "Top Performer" in or around June 2015 and given an increase in pay as a result.

12.     Despite his good job performance, Plaintiff was terminated on or about March 25, 2016.  At the time, Plaintiff was the Assistant Manager at Defendant's location on Robinson St. in Norman, Oklahoma.  District Manager Christy Phillips (who is female and significantly younger than Plaintiff) stated that she had been told to terminate Plaintiff for allegedly hitting another employee.  However, such reason was false and merely pretext for unlawful discrimination due to Plaintiff's age, gender, use of FMLA-qualifying medical leave to care for his wife, and association with his wife who has disabilities.

13.     Particularly, Plaintiff (who was 62 years old at the time) was accused of making contact with and shoving a store employee on or about March 19, 2016.  However, on such date, Plaintiff was actually assaulted by the employee (who is male, believed to be in his early 20s).  Particularly, Plaintiff observed the employee making a sandwich incorrectly and asked him to remake the sandwich.  The employee forcefully threw the sandwich in the trash and told Plaintiff, "you can't tell me what to do."  Due to this conduct, Plaintiff told the employee to clock out and go home.  The employee then became even more irrate, picking up various items off of the food prep tables, including a heavy metal ice scoop, and throwing them against the wall.  At that time, Plaintiff went to the back of the store to again tell the employee to leave.  The employee then charged at Plaintiff and began punching Plaintiff around the head.  Plaintiff attempted to deflect the attack by raising his arms over his head with his palms facing the assailant.

14.     The next day, Plaintiff was called to a meeting with Phillips to discuss the

incident and asked to submit a written statement.  Plaintiff told Phillips that he did not hit or shove the employee and that he was only trying to defend himself.

15.     On or about March 23, 2016, Plaintiff was called to meet with a human resources representative who placed Plaintiff on suspension.  The representative told Plaintiff to rewrite his statement about the employee attack because it did not say that Plaintiff "touched" the employee (which had occurred when Plaintiff was defending himself).

16.      Despite telling Phillips and Human Resources that he was merely defending himself from a violent and disgruntled employee, Plaintiff was terminated.

17.     Moreover, Plaintiff's termination occurred about one (1) month after Defendant issued a 2015 Compensation Statement to Plaintiff.  The document reflected that Defendant, through its health insurance program, paid over $200,000 in 2015 for medical treatment and prescriptions through Plaintiff's participation in Defendant's health care plan.  A majority of these expenses related to Plaintiff's wife's medical care, as she suffered from several serious health conditions, including Type I Diabetes and Lymphoma.  Such conditions have required significant medical treatment, including an organ transplant.  She also suffered kidney failure.

18.     Plaintiff's wife's medical condition required Plaintiff to miss work on occasion in order to care for her.  For instance, on some occasions, Plaintiff missed up to four (4) consecutive days of work when his wife was hospitalized in Texas.  In the event Plaintiff missed work for this reason, his supervisors (including but not limited to Phillips) constantly asked when Plaintiff would return to work.

19.     And, in or around 2014 while Plaintiff was a store manager, Phillips told Plaintiff he was being disciplined for submitting too many schedule changes.   Plaintiff explained to Phillips that he modified his schedule to attend his wife's medical appointments

4

without missing work and had been told to submit a schedule change each time he did so. Thereafter, Phillips issued Plaintiff a write-up indicating he was being disciplined for not working his scheduled shifts and/or working at times he was not scheduled.

20.    Thus, due to pressure placed on Plaintiff to be at work and fear that he would lose his job (and medical benefits) if he took medical leave for his wife, Plaintiff kept his absences to a minimum.

21.    The time off Plaintiff used from work to care for his wife and to take her to medical appointments was qualifying medical leave under the Family Medical Leave Act ("FMLA") and Defendant was aware of this.

22.    In addition, female and/or significantly younger employees have been treated more favorably than Plaintiff.  And, Plaintiff noticed that women were promoted to higher positions over him.  Plaintiff was not made aware that the positions were available.  For instance, Plaintiff was not aware that the District Manager position was available until it was announced that Christy Phillips had been given the position.

23.    A female employee who engaged in a romantic relationship with one of her subordinate employees was transferred to another store, but not terminated, for her conduct. Upon information and belief, such conduct violated Defendant's Fraternization Policy.

24.    Upon information and belief, Plaintiff's job duties are currently being performed by a significantly younger female.

25.    As a direct and proximate result of Defendant's actions, Plaintiff has suffered injuries as described below.

## COUNT I - ADEA

For his first cause of action against, Plaintiff incorporates all prior allegations and further alleges and states as follows:

26.    The matters alleged above constitute violations of Age Discrimination in Employment Act in the nature of age discrimination.

27.    Plaintiff is entitled to relief because, at all relevant times hereto, Plaintiff was over the age of forty (40); he was qualified for his job; he was terminated and his position was not eliminated.

28.    As damages, Plaintiff has suffered lost earnings, past and future, and other equitable and compensatory damages allowed by the Civil Rights Act of 1991.  Plaintiff is also entitled to liquidated damages based upon Defendant's willful conduct in violating the ADEA.

## COUNT II - ADA/ADAAA

For his second cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

29.    The matters alleged above constitute discrimination based on association with a disabled individual in violation of the ADA and ADAAA.

30.    More specifically, Plaintiff was qualified for his job; Plaintiff was terminated; Defendant knew at the time of termination that Plaintiff's wife had a disability; and, as set forth above, his termination occurred under circumstances raising a reasonable inference that his wife's disability was a determining factor in Defendant's termination decision.

31.    As a direct and proximate result of Defendant's actions, Plaintiff has suffered lost income, past and future, emotional distress and other non-pecuniary losses.

32.    Because the actions of Defendant were willful, wanton or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages.

## COUNT III - FMLA

For his third cause of action, Plaintiff incorporates all prior allegations and further

alleges and states as follows:

33.     The matters alleged above constitute interference with and retaliation for Plaintiff's use or attempted use of medical leave in violation of the Family and Medical Leave Act ("FMLA").

34.     Plaintiff was entitled to medical leave because he worked for Defendant, an entity with more than 50 employees within a 75 mile radius of Plaintiff's work site, for more than one (1) year and for more than 1,250 hours within the one year prior to his need for leave.

35.     Plaintiff's spouse suffered from various serious health conditions, as set forth above, requiring continued medical treatment by a health care provider.

36.     Defendant retaliated against Plaintiff for his use of FMLA leave by terminating him following his use of time off to care for his wife.  Defendant's actions were taken in response to Plaintiff's exercise of rights under the FMLA.

37.     As set forth herein, Defendant's actions were in willful violation of the law. Defendant was aware of the FMLA and the requirements contained therein, but willfully violated Plaintiff's FMLA rights.

38.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered injuries and is entitled to recover of all damages, including, but not limited to, lost income, past and future, liquidated damages, based on the willfulness of Defendant's violation of the FMLA, attorneys' fees and costs.

## COUNT IV - Title VII (Gender)

For his fourth cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

39.     The matters alleged above constitute violations of Title VII of the Civil Rights

7

Act of 1964 in the nature of gender discrimination.

40.      Plaintiff is further entitled to relief for gender discrimination because Defendant has a history of discriminating against male employees, Plaintiff was qualified for his job, suffered an adverse action, and his position was not eliminated following his termination.

41.      As damages, Plaintiff has suffered lost earnings, past and future, emotional distress and other equitable and compensatory damages.

42.      Because the actions of Defendant were willful, wanton or, at least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests this Court enter judgment in favor of the Plaintiff and against Defendant and award compensatory damages, punitive damages, together with any appropriate equitable relief, pre- and post-judgment interest, costs and attorney's fees.

Respectfully submitted this 7th day of December, 2016.

s/ Jana B. Leonard
**JANA B. LEONARD, OBA # 17844**
**LAUREN W. JOHNSTON, OBA #22341**
**SHANNON C. HAUPT, OBA # 18922**
**LEONARD & ASSOCIATES, P.L.L.C.**
**8265 S. Walker**
**Oklahoma City, Oklahoma 73139**
**(405) 239-3800 (telephone)**
**(405) 239-3801 (facsimile)**
**leonardjb@leonardlaw.net**
**johnstonlw@leonardlaw.net**
**haupts@leonardlaw.net**

**ATTORNEY LIEN CLAIMED**
**JURY TRIAL DEMANDED**